E. M. Caul, Surrogate.
The deceased, a volunteer from this State in the actual service of the United States, was wounded in battle, on the Weldon R. R., in Virginia, August 18th, 1864, and died same night. Previous to his death, in a letter written to Ms sister, Jane Botsford, he expressed a desire and intention in the event of his death that his property, which consisted of personal estate, should go to his sister, said Jane Botsford. On the eve of his death, it appears that the subject that deceased desired to have Ms sister Jane have Ms property, was discussed by Ms attendants, although they do. not swear that he said so. I am therefore of the opinion it does affirmatively appear that deceased intended to make a testamentary disposition of his .property, and that his sister, J ane Botsford, was to be the sole legatee therein. But it is insisted that our statutes do not allow or tolerate such disposition of property, except in cases of soldiers and seamen, and that they must be in extremis. Deceased being a soldier, the only question remaining is, does the statute restrict the making of this class of wills not only to the class of persons mentioned in the statute, but also to the condition of the deceased at the time of making the disposition. Judge Beadfobd holds, in Ex parte Thompson (4 Bradf., 154), that there is no restriction as to their con *120 dition. In Hubbard v. Hubbard (12 Barb., 154), the court says the deceased must be in extremis. The case went to the Court of Appeals, and in that court was disposed of without any reference to the question, except saying that it was not necessary to decide it. On a careful examination of both the cases above referred to, I find the question was not material to the disposition of either, and neither is therefore binding as an authority. I am inclined to the opinion that this is not a ease where it becomes material to pass upon this question for the reason that the facts in this case do not render it absolutely necessary to pass upon it. At the time this letter was written, the deceased was in the army, on an expedition, and in that portion where active operations were constantly .going on. It was moving on to Bichmond, and from that time to the time of his death'was constantly, and almost daily engaged in fighting, so that, in fact there was no period of time during the season of 1864, in that part of our army, but a soldier might be said to be in peril of his life. He was constantly exposed, or liable to be constantly exposed, to death, and this disposition of his property was clearly made in view thereof. He cannot be said to be in extremis by sickness, disease, &c. but the peril of death,- if required, I think may be from any other cause, and existed in this case by the liability of and the danger from constant engagements in battle. Counsel for the proponent argued that it was only requisite that the soldier should be “ in actual military service.” This is certainly, at this time, an important question, but I do not deem it necessary to pass upon it. I think this one of the cases intended to be provided for by our statute, and that the disposition made by the deceased is valid. That portion of the letter must f,be admitted to probate as a will.
Decision accordingly.